**Doris J. MIKEL, Plaintiff,**

v.

**Robert S. KERR, Jr., et al., Defendants.**

**No. 71–236.**

United States District Court,
E. D. Oklahoma,
Civil Division.

Sept. 28, 1973.

Affirmed, 10 Cir., 499 F.2d 1178.

H. Clay Robinson, Fort Smith, Ark., for plaintiff.

E. Norton Burbage, Larry D. Patton, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Defendants move the Court to review the action of the Court Clerk in taxing the costs in the above-styled case.

Fees for witnesses in the amount of $178.00 were disallowed by the Clerk. As it appears that the requested amount is for an expert witness fee, it is not a taxable cost. Kaiser Industries Corp. v. McLouth Steel Corp., 50 F.R.D. 5 at 13 (D.C.Mich.1970). A prevailing party is allowed to have taxed as costs a regular witness fee of $20.00 per day for any witness in accordance with 28 U.S.C. § 1821. This Statute provides:

"A witness attending in any court of the United States * * *, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall receive $20 for each day's attendance and for the time necessarily occupied

in going to and returning from the same, * * * "

However, the expert witness involved did not appear in Court, except by an affidavit attached as an exhibit to a Motion for Summary Judgment. The expert witness did not attend a deposition hearing. In these circumstances the Fees for Witnesses in the amount of $178.00 were properly disallowed by the Clerk.

Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in Case were listed in the amount of $389.00. An itemization of this amount in the form of statements billed to the Defendants was attached to the Bill of Costs. These statements were billed by the expert witness, Otis H. Eversole, and excluding his fee as an expert witness (previously disallowed) the costs were:

| | |
|---|---|
| Aerial photo from National Archives and Records Washington, D. C. January 13, 1972 ........................... | $ 18.00 |
| Aerial photo (two 8 x 10 enlargements) plane rental and photographer, January 1972 ............................ | 50.00 |
| Time 2 days to Indian Bureau Records and trip to Tulsa to put up photo reproduction and mounting exhibits .......... | 300.00 |
| Photo Service (Tulsa) ................. | 16.50 |
| Mileage Tulsa (2 trips 250 miles x 12¢) .. | 30.00 |
| B.I.A. Photo copies .................. | 4.50 |
| Express charges ..................... | 1.35 |
| Telephone (3 calls) .................. | 8.50 |
| TOTAL | $428.85 |

The Defendants did not claim the express charges of $1.35 nor the telephone calls for $8.50 as a part of these costs and it appears the Defendants did not claim the amount of $30.00 for mileage to Tulsa. The total for these three items is $39.85. Therefore, the Defendants appear to be making a claim for exemplification and copies of papers for only the following items:

| | |
|---|---|
| Aerial photo from National Archives and Records Washington, D. C. January 13, 1972 ........................... | $ 18.00 |
| Aerial photo, plane rental and photographer | 50.00 |
| Time 2 days, Indian Bureau Records, trip to Tulsa and reproduction and mounting photo exhibits .................... | 300.00 |
| Photo Service ...................... | 16.50 |
| B.I.A. Photo copies ................. | 4.50 |
| TOTAL | $389.00 |

Exemplification and copies of papers necessarily obtained for use in a case are an allowable cost for taxation under 28 U.S.C. § 1920(4). Exemplification is defined in Webster's New Collegiate Dictionary (2nd ed.) as a showing or illustrating by example. Exemplification therefore means more than obtaining or making a copy of something. It includes showing or demonstrating something by way of illustration or example and all that is reasonably necessary in this connection. The simple obtaining of copies of papers would also appear to be taxable under this section.

The Honorable Edwin Langley before his recent demise decided this controversy. He did so by entering Summary Judgment in favor of the Defendants. The Memorandum Of Decision filed herein under date of June 6, 1973 by Judge Langley in which he directed the entry of said Summary Judgment states that at the hearing on said Motion the parties entered into a stipulation of facts. Such stipulation (as shown in Paragraph 7 thereof) has attached an exhibit which the Court has examined and finds to be the result of Defendants' expenditures or fees for exemplification and copies of papers which they request to be taxed as costs. The aerial photograph for which fees are claimed by Defendants is a part of the exhibit as is other material obtained by Defendants for which fees are claimed. Time consumed in obtaining the necessary aerial photos and other material and causing them to be put together to illustrate the location of the Arkansas River in relation to the real property in dispute appears to be reasonable and a proper charge for costs under 28 U.S.C. § 1920(4). Judge Langley refers to this exhibit and material in his Memorandum Of Decision. The Court therefore finds and concludes that the Court made use of this material and it was therefore necessarily obtained for use in the case, was so used and the fees for such exem-

plification and copies of papers are taxable as costs under 28 U.S.C. § 1920(4). The Clerk is directed to tax as costs fees for exemplification and copies of papers necessarily obtained for use in the case in the amount of $389.00.

■ Docket Fees under 28 U.S.C.A. § 1923 in the amount of $20.00 were properly allowed by the Clerk. 28 U.S.C.A. § 1923(a) provides:

"Attorney's * * * * docket fees in courts of the United States may be taxed as costs as follows:

$20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, * * * cases, * * * *"

A final hearing is defined as "that stage of proceedings relating to the determination of a suit upon its merits as distinguished from those of preliminary questions." Black, Law Dictionary, (4th ed. 1951); Words and Phrases, "Hearing". The granting of a Summary Judgment wherein all issues are settled is an appealable order. Poss v. Lieberman, 299 F.2d 358 (Second Cir. 1962). The Summary Judgment entered in this case disposing of all issues being appealable constitutes a final hearing within the intent and meaning of 28 U.S.C. § 1923(a) and as such the allowance of a $20.00 Docket Fee upon final hearing by the Clerk was proper.

In summary the following costs are allowable:

| | |
|---|---|
| Aerial photo from National Archives and Records Washington, D. C. January 13, 1972 .......................... | $ 18.00 |
| Aerial photo (two 8 x10 enlargements) plane rental and photographer, January 1972 | 50.00 |
| Time 2 days to Indian Bureau Records and trip to Tulsa to put up photo reproduction and mounting exhibits ......... | 300.00 |
| Photo Service ....................... | 16.50 |
| B.I.A. Photo copies ................. | 4.50 |
| Attorney's docket fees .............. | 20.00 |
| TOTAL | $409.00 |