**Guy Hallman HUNNICUTT, et al., Plaintiffs,**

v.

**BOARD OF REGENTS OF the UNIVERSITY SYSTEM OF GEORGIA, et al., Defendants,**

**Stephanie Johnson, et al., Intervenors.**

**Civ. A. No. 86–235–1–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

Nov. 22, 1988.

**606**

Charles R. Adams, Ft. Valley, Ga., for plaintiffs.

Patricia T. Barmeyer, Atlanta, Ga., for defendants.

Thomas M. Jackson, Macon, Ga., for intervenors.

## ORDER

OWENS, Chief Judge.

This civil action commenced on August 20, 1986, by white plaintiffs, seeks the further integration of Fort Valley State College, one of Georgia's historically black four-year colleges.

After almost two years of extensive litigation and a lengthy settlement conference attended by this judge, counsel, party representatives and eminently qualified educational experts, the parties—white plaintiffs, black intervenors and defendant Board of Regents—prepared and presented a proposed consent decree to the court. That proposed consent decree was made the order and judgment of this court on July 5, 1988.

That consent decree begins by stating as follows: "[t]he parties hereto, with the approval of the Court, hereby submit and agree to the following Consent Decree *disposing of all issues* in the captioned case."

(emphasis added). It then focuses upon integration and academic excellence and "reasonable efforts [that] can be taken at Fort Valley State College to continue its progress towards complete integration together with a high standard of academic excellence...." Everything then ordered focuses upon the goals of integration of this predominantly black institution of higher learning and of academic enhancement. Consistent with those goals the defendant Board of Regents agrees that "the Chancellor shall develop a Faculty Development Program for Fort Valley State College." The faculty of Fort Valley State College is not otherwise encompassed by the consent decree. Nevertheless, having learned after the entry of said consent decree of the resignation[1] of Dr. Luther Burse as President of Fort Valley State College effective June 30, 1989, intervenors, on September 27, 1988, moved the court pursuant to Rule 60(b)(2) and (3) for relief from the July 5, 1988, consent decree. Their motion states:

> Intervenors show that had it been represented to them at the settlement discussions that a substantial change would take place, i.e., the removal of President Burse, Intervenors would not have joined in the settlement. That the failure of the Board of Regents to relate to Intervenors such contemplated action was tantamount to misrepresentation of a material fact upon which Intervenors relied in joining in the settlement, relinquishing thereby their right to have their constitutional arguments heard and adjudicated.

Having advised that Dr. Burse submitted a letter of resignation before the entry of the consent decree, defendant Board of Regents and the plaintiffs vigorously oppose intervenor's Rule 60(b) motion contending that the alleged facts do not justify the granting of such motion under the standards set forth in *Taylor v. Texgas Corp.*, 831 F.2d 255 at 259 (11th Cir.1987):

> ... under Rule 60(b)(2). To prove a basis for relief under this rule, a party must demonstrate that (1) the evidence is

---

1. Until June 30, 1989, Dr. Burse will be "on leave" as president of the college. An acting

president appointed by the Board of Regents will be responsible for running the institution.

newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended. *See Scutieri v. Paige,* 808 F.2d 785, 793 (11th Cir.1987); *Ag Pro, Inc. v. Sakraida,* 512 F.2d 141, 143 (5th Cir.1975), *rev'd on other grounds,* 425 U.S. 273, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2859 (1973).

\* \* \* \* \* \*

... under Rule 60(b)(3). "One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence." *Rozier v. Ford Motor Co.,* 573 F.2d 1332 (5th Cir.1978). Moreover, the movant must show that the conduct complained of "prevented the moving party from fully and fairly presenting his case." *Harre v. A.H. Robins Co.,* 750 F.2d 1501, 1503 (11th Cir.1985) (quoting *Stridiron v. Stridiron,* 698 F.2d 204, 207 (3d Cir.1983))....

Looking first at the basis for granting relief under Rule 60(b)(2) and assuming satifaction of the first three factors—that this evidence is newly discovered, that due diligence has been exercised by intervenors, and that the evidence is not merely comulative or impeaching—there is a substantial question as to whether or not this evidence is material.

Material, from a legal viewpoint, means: Important; more or less necessary; having influence or effect; going to the merits; having to do with matter, as distinguished from form. Representation ... so substantial and important as to influence party to whom made is "material."
Black's Law Dictionary, 5th Ed.
Material evidence means:
That quality of evidence which tends to influence the trier of fact because of its logical connection with the issue. Evidence which has an effective influence or bearing on question in issue is "material." *Barr v. Dolphin Holding Corp.,* Sup., 141 N.Y.S.2d 906, 908. "Materiality" of evidence refers to pertinency of the offered evidence to the issue in dispute. *Vine Street Corp. v. City of Council Bluffs, Iowa,* 220 N.W.2d 860, 863.
Black's Law Dictionary, 5th Ed.

For the resignation of Dr. Burse as president of this college to be material or important to this case, his resignation must thus have some connection with or some bearing upon some issue in the case.

As already pointed out, in the consent decree *"disposing of all issues"* the defendant Board of Regents agrees that "the Chancellor shall develop a Faculty Development Program for Fort Valley State College," but it does not otherwise agree or obligate itself to anything pertaining to the faculty or any other employee of the college (emphasis added). Likewise, there is no mention in the consent decree of who is or will be the president of this institution nor of who is or will be in any other position of responsibility at this institution. The parties thereby acknowledge and agree by not disposing of this issue that who is or will be president of this college is not an issue in this case. It therefore seems clear that who is or will be the president of Fort Valley State College was not and is not an issue in this lawsuit. It further seems clear that the newly discovered evidence of Dr. Burse's resignation as President of Fort Valley State College does not pertain to an issue in this lawsuit, and, therefore, it does not constitute the material or important evidence that is required for the granting of a Rule 60(b)(2) motion.

Intervenors, in support of their Rule 60(b)(3) motion, do not proffer evidence of fraud, misrepresentation or other misconduct. In their already quoted response intervenors do say "the failure of the Board of Regents to relate to Intervenors such contemplated action was tantamount to misrepresentation of a material fact...."

That argument assumes that the Board of Regents in discussing settlement had a duty to inform intervenors and plaintiffs of Dr. Burse's impending departure but does not state the source of that duty. The question of who is or will be president of Fort Valley State College not being an issue in the case, the court fails to perceive how the Board of Regents was under any obligation to discuss the impending resignation of Dr. Burse with or disclose the same to intervenors or plaintiffs, all of whom would like but were not entitled to be consulted. *See Pinkerton and Laws Co., Inc. v. Roadway Express, Inc.*, 650 F.Supp. 1138, 1147 (N.D.Ga.1986). Admittedly there was silence, but in this court's considered judgment, that silence under the circumstances of this case could not possibly constitute a material misrepresentation of fact.

While intervenors naturally and understandably would like to have known about and been consulted as to Dr. Burse's resignation, the defendant Board of Regents was under no duty or obligation to do so. Its failure to do so cannot thus be the basis for either a Rule 60(b)(2) or Rule 60(b)(3) motion, on account of which said motion is DENIED.

SO ORDERED.