974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney BRANHAM, Plaintiff-Appellant,
v.
Robert BROWN; Ron Schull; Tekla Miller, Defendants-Appellees.
 No. 91-2296.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1992.
 
 Before KEITH and BATCHELDER, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Rodney Branham is a pro se Michigan prisoner who appeals the district court's orders denying his motion for relief from judgment and awarding the defendants costs in a civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Branham alleged that the defendants had calculated his good time credits under the wrong version of a state statute. On July 12, 1991, the district court dismissed his case under 28 U.S.C. § 1915(d). On October 16, 1991, the court entered separate orders granting the defendants costs and denying Branham relief under Fed.R.Civ.P. 60(b). It is from these orders that Branham now appeals. He also moves for counsel on appeal.
 
 
 3
 Branham's appeal goes to the denial of his Rule 60(b) motion rather than the underlying order which dismissed his case. "In reviewing the denial of a Rule 60(b) motion, we are limited to determining whether the district court abused its discretion in denying the motion. Moreover, we may not consider the merits of the underlying judgment." Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam).
 
 
 4
 Branham's motion included a letter from a records clerk at the prison, which states that he is serving a sentence of 10 to 20 years imprisonment. Branham argued that his maximum sentence was 15 rather than 20 years, and a prior opinion from this court indicates that the letter may be mistaken in this respect. Nevertheless, the district court did not abuse its discretion in denying Branham's motion because the letter was not relevant to its rationale for dismissing the case. See Hunnicutt v. Board of Regents, 122 F.R.D. 605, 607 (M.D.Ga.1988).
 
 
 5
 The court construed Branham's claim for injunctive relief as a habeas corpus petition and found that he had not exhausted his state court remedies. Branham now argues that he was not required to exhaust state remedies because his claim was not frivolous. However, Branham's claim for injunctive relief was properly construed as a habeas corpus petition, and a habeas corpus petitioner is required to exhaust the state remedies that are available to him, even if his claims have substantive merit. 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Branham correctly argues that he was not required to exhaust state remedies before seeking compensation under § 1983. However, the court did not dismiss Branham's monetary claim for lack of exhaustion. Instead, the court found that Branham's case was not cognizable under § 1983 because it involved a question purely of state law. Cf. Pennhurst State School and Hosp. v. Halderman, 465 US.. 89, 106 (1984). In any event, the Rule 60(b) motion does not address this issue, and it is the denial of that motion which is before the court on appeal.
 
 
 6
 Branham also appeals the district court's order awarding costs to the defendants. The district courts may exercise their discretion to award costs against an indigent party in a civil rights case. Weaver v. Toombs, 948 F.2d 1004, 1011 (6th Cir.1991). However, costs are ordinarily limited to the small amounts that are authorized by statute. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 251-57 (1975). In the present case, the court awarded the defendants $31.00 in costs, including $6.00 in copying expenses and $25.00 in "docket fees" pursuant to 28 U.S.C. §§ 1920(4) and (5). That statute makes specific reference to 28 U.S.C. § 1923(a), which describes the docket fees that are pertinent to this case as follows: "$20 on trial or final hearing" and "$5 on motion for judgment."
 
 
 7
 Branham argues that the dismissal of his case under 28 U.S.C. § 1915(d) was not a final hearing. A final hearing under § 1923(a) has been defined as "that stage of the proceedings relating to the determination of a suit upon its merits as distinguished from those of preliminary questions." Mikel v. Kerr, 64 F.R.D. 93, 96 (E.D.Okla.1973) (order), aff'd, 449 F.2d 1178 (10th Cir.1974). A dismissal under 28 U.S.C. § 1915(d) is not a final determination on the merits. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Therefore, the defendants were not entitled to the $20 attorney's fee that is authorized on a final hearing by 28 U.S.C. §§ 1920(5) and 1923(a).
 
 
 8
 The cost award is not disputed insofar as it involves the defendants' claims for $6.00 in copying costs and for $5.00 on their motion to dismiss, but Branham does argue that he is unable to pay these costs. However, the district court's order granting costs properly considered Branham's capacity to pay. See Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989).
 
 
 9
 Accordingly, the district court's order denying Branham's Rule 60(b) motion is affirmed. The cost order is vacated insofar as it awards the defendants $20.00 in attorney's fees but affirmed in all other respects. Rule 9(b)(3), Rules of the Sixth Circuit.