989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kelvin Amir MEADOR-BEY, Plaintiff-Appellant,
v.
Travis JONES; D.E. Houseworth; Kimberly Jeffries,
Defendants-Appellees.
 No. 92-2379.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1993.
 
 Before BOYCE F. MARTIN, JR., and SILER, Circuit Judges, and COFFIN, Senior Circuit Judge.*
 
 ORDER
 
 1
 Kelvin Amir Meador-Bey, a pro se Michigan prisoner, appeals a district court order granting costs to the defendants in his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Summary judgment on the merits was entered for the defendants in Meador-Bey's civil rights action, which raised an Eighth Amendment issue regarding thirty days loss of out-of-cell exercise as a sanction following his conviction for a major misconduct violation. A panel of this court affirmed the district court's judgment in an order filed on December 18, 1992.
 
 
 3
 Following the district court's entry of judgment, the defendants filed a motion to tax costs in the amount of $43.75. The district court granted the motion in an order filed September 30, 1992, after considering the reasonableness of the costs and Meador-Bey's ability to pay. It is from this order that Meador-Bey appeals.
 
 
 4
 On appeal, Meador-Bey argues that the defendants are not entitled to costs in any amount because of his indigency, and are specifically not entitled to $20.00 of the "nominal attorney fees" for trial or final hearing.
 
 
 5
 Upon review, we affirm the district court's order because the district court did not abuse its discretion in granting the defendants' motion to tax costs. See Weaver v. Toombs, 948 F.2d 1004, 1011 (6th Cir.1991). The district court properly considered the reasonableness of the costs and the ability of Meador-Bey to pay when evaluating the appropriateness of taxing costs. See Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989).
 
 
 6
 Meador-Bey's challenge to the $20.00 attorney fee "on trial or final hearing" on the ground that his complaint was disposed of by summary judgment is without merit. A final hearing under 28 U.S.C. § 1923(a) has been defined as "that stage of the proceedings relating to the determination of a suit upon its merits as distinguished from those of preliminary questions." Mikel v. Kerr, 64 F.R.D. 93, 96 (E.D.Okla.1973), aff'd, 449 F.2d 1178 (10th Cir.1974). Because the grant of summary judgment in this case disposed of all issues on the merits and was an appealable order, it constituted the result of a "final hearing" within the meaning of § 1923(a) allowing the taxation of the attorney's docket fee as awarded. Id.
 
 
 7
 Accordingly, the district court's order, filed September 30, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank M. Coffin, Senior U.S. Circuit Judge for the First Circuit, sitting by designation