16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Antoine MILLER-BEY, Plaintiff-Appellant,
v.
Joseph HOSEY, Warden; Sandra Pretzer; Brian Fink; Arvid
Perrin, Defendants-Appellees.
 No. 93-1700.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Antoine Miller-Bey appeals pro se from a district court order awarding costs to the defendants in a civil rights case that he had filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Miller-Bey alleged that the defendants violated his constitutional rights by giving him a false disciplinary ticket and placing him on a "food loaf" diet. The district court dismissed defendant Fink for lack of prosecution, and granted summary judgment to defendants Hosey and Pretzer because Miller-Bey had received adequate process through the prison disciplinary procedure and because his claims did not rise to the level of cruel and unusual punishment. The court later granted defendant Perrin's motion for summary judgment on grounds of qualified immunity. The defendants moved for $52.75 in costs under 28 U.S.C. Secs. 1920 and 1923(a). The district court granted this motion on May 17, 1993, and Miller-Bey now appeals.
 
 
 3
 Miller-Bey argues that he cannot pay costs in any amount. Costs are taxable against an indigent party. 28 U.S.C. Sec. 1915(e); Weaver v. Toombs, 948 F.2d 1004, 1013 (6th Cir.1991). "However, when a party claims indigency, this court requires a determination of his or her capacity to pay the costs assessed." Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989). In the present case, Miller-Bey was granted pauper status by the district court when he filed his complaint, but the court did not specifically consider his capacity to pay the award when costs were assessed. The court's determination that the defendants were entitled to some of the costs that they requested was not erroneous. However, the case must be remanded so that the court can determine whether Miller-Bey is able to satisfy the award.
 
 
 4
 Moreover, the defendants were not statutorily entitled to all of the costs that were claimed in their motion. This is so because the defendants relied in part on a provision of 28 U.S.C. Sec. 1923(a) which allows for $5.00 in costs "on motion for judgment and other proceedings on recognizances." The notes to Sec. 1923(a) indicate that the phrase "motion for judgment" was substituted for the words "scire facias" in the former version of the statute. Clearly, the underlying judgment in the present case was not based on this type of writ. The statute's reference to "other proceedings on recognizances" is also inapplicable, as the judgment in Miller-Bey's case was not based on a preexisting agreement, contract or obligation. Thus, the defendants are not legally entitled to the $5.00 in costs that they claimed under this provision of Sec. 1923(a).
 
 
 5
 Accordingly, the district court's order awarding costs is vacated, and the case is remanded for further proceedings to determine whether Miller-Bey is able to pay the $47.75 in costs to which the defendants are entitled. Rule 9(b)(3), Rules of the Sixth Circuit.