**Philip W. BERRYMAN, Plaintiff,**

**v.**

**Janet EPP, R. Redman, J. Cross, Dan Bolden, Dr. Mulvihill, Dr. Williams, Dr. Hutchinson, Dr. Lynn Green, John Doe(s) or Jane Doe(s), Defendants.**

**No. 94–CV–70655–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

April 3, 1995.

Philip W. Berryman, Jackson, MI, in pro per.

Christine M. Campbell, Asst. Atty. Gen., Mich. Atty. General's Office, Corrections Div., Lansing, MI, for defendants.

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO TAX COSTS IN A REDUCED AMOUNT

DUGGAN, District Judge.

### I. Background

■ On October 28, 1994, judgment was entered in defendants' favor. Currently before this Court is defendants' motion to tax costs under Fed.R.Civ.P. 54(d) and 28 U.S.C. §§ 1920 and 1923. Through their motion, defendants request $93.50, consisting of $73.50 in copying fees under § 1920(e)[1] and $20.00 in nominal attorney's fees under § 1923(a). On November 8, 1994, this Court referred defendants' present motion to Chief Magistrate Judge Komives pursuant to 28 U.S.C. § 636(b)(3). On November 22, 1994, plaintiff responded to defendants' motion to tax costs.

On December 8, 1994, the magistrate judge issued a report and recommendation ("R & R") granting defendants' motion to tax costs in the reduced amount of $34.40. In response to defendants' current motion, plaintiff argued, and the magistrate judge agreed, that defendants are entitled to $5.00, not $20.00 in attorney's docket fees under 28 U.S.C. § 1923, because the present action was decided on defendants' motion for summary judgment without a hearing. (R & R at 5 (citing *Berryman v. Regiler, et al.,* No. 92–CV–75659–DT, Order Granting in Part Defs.' Mot. to Tax Costs at 2 (E.D.Mich. Oct. 29, 1993) (Pepe, M.J.))). Relying on the *Regiler* order which awarded ten cents per page for copying fees, plaintiff objected to $73.50 in copying costs (which was based on twenty-five cents per page). The magistrate judge again agreed with plaintiff, awarding defen-

dants $29.40 in copying costs. (R & R at 6).[2] The magistrate judge rejected plaintiff's argument that no costs at all should be taxed. *Id.*

On December 20, 1994, plaintiff filed objections to the R & R. Plaintiff argues that in light of the magistrate judge's recognition that plaintiff filed a notice of appeal of this Court's October 28, 1994 decision on November 16, this Court should issue an order staying enforcement of a recommendation to tax costs in any amount against plaintiff pending the outcome of the appeal. (Pl.'s Objs. at 1–2). Plaintiff asserts specifically that:

> he earns nothing, as he has no prison job, and "needs the small amounts of money that may be deposited in his prison account throughout the year which may come to $50.00 a year of that money plaintiff MUST pay for life's necessities which the Michigan Department of Corrections does not provide to prisoners who have an income of over $7 in a 30 days period."

*Id.* at 4.[3] Plaintiff contends that the fact that he had been denied medical and dental care has been overlooked in this lawsuit, *i.e.,* his necessities are *not* being provided by the Michigan Department of Corrections.

As an alternative, plaintiff requests that "only 20% be withdrawn from the Plaintiff's prison account until the amount is paid." *Id.* (citing *Berryman v. Regiler,* Order at 3).[4]

### II. Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), this Court:

> shall make a de novo determination of those portions of the report or specified

1. $73.50 for copying fees results from copying 22 pages of defendants' brief in support of their motion for summary judgment and 76 pages of exhibits attached thereto for a total of 98 pages copied three times for a total of 294 pages at twenty-five cents per page.

2. In *Berryman v. Regiler,* Magistrate Judge Pepe found that "ten cents per copy is a more reasonable fee for in-house copying." (Order at 1).

3. Plaintiff also objects to the magistrate judge's failure to hold a hearing on plaintiff's inability to pay or to request plaintiff's prison account records from defendants, which would show his

inability to pay. (Pl.'s Objs. at 2). In light of this Court's acceptance of plaintiff's assertion that he is presently unable to pay, *see* Discussion, A., *infra,* these objections do not affect this Court's decision.

4. In *Berryman v. Regiler,* Magistrate Judge Pepe ordered that "[i]f the amount to be withdrawn would cause the balance in plaintiff's account to fall below $50.00, then no more then[sic] twenty percent (20%) of the account balance may be withdrawn in any one month to satisfy this judgment." (Order at 3).

proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

Pursuant to this authority, this Court accepts in part and rejects in part the magistrate judge's R & R.

### III. Discussion

#### A. Plaintiff's Inability to Pay

Plaintiff contends that he should not be ordered to pay defendants' costs, because he is unable to pay them.

In *Weaver v. Toombs,* 948 F.2d 1004, 1008 (6th Cir.1991), the Sixth Circuit found that "a district court may assess costs against an unsuccessful *in forma pauperis* litigant whether or not the claim was frivolous or simply unmerited."

> This authority to assess reasonable costs is within the sound discretion of the court but is subject to a prompt challenge and showing by· such prisoner-plaintiffs that they are incapable, as a practical matter and as a matter of equity, of paying such costs.

*Id.* at 1014. Citing *Weaver,* the Seventh Circuit found that "unsuccessful indigent litigants are not automatically shielded from the imposition of costs against them." *McGill v. Faulkner,* 18 F.3d 456, 458 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 233, 130 L.Ed.2d 157 (1994).

In *McGill,* the Court found that under Fed.R.Civ.P. 54(d), "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *Id.* at 459. On appeal, the inmate plaintiff argued that the district court "was required to make a specific finding of whether he was indigent and if so, whether his indigence overcame the presumption that the prevailing party is entitled to costs." *Id.* The Court found that:

> "the inability to pay is a proper factor to be considered in granting or denying taxable costs" and the presumption that costs are to be awarded to the prevailing party "may be overcome by a showing of indigency."

*Id.* The Court found that the plaintiff failed to establish that "he was incapable of paying the court-imposed costs at this time or in the future." *Id.* In response to the defendants' petition for costs, the plaintiff "merely alleged, without documentary support, that he was indigent and therefore he should not have to pay costs." *Id.* The Court reiterated that "[a] plaintiff's indigency ... does not require the court to automatically waive costs to an unsuccessful litigant." *Id.* (citing *Weaver,* 948 F.2d at 1008).

In the present case, plaintiff asserts, without documentary support, that he is unable to pay an award, because he does not have a prison job and needs the amounts of money that are deposited in his account throughout the year. (Pl.'s Objs. at 4). In the alternative, he requests that if this Court grants defendants' present motion, that only twenty percent of his prison account be removed at one time to satisfy the award. *Id.* Plaintiff has failed to overcome the presumption of Rule 54(d) that defendants are entitled to costs in the present case. *McGill,* 18 F.3d at 459. Exercising its discretion, this Court employs plaintiff's alternative and orders that the present award of costs be removed from any account balance over $50.00. If the amount to be withdrawn would cause the balance in plaintiff's account to fall below $50.00, then no more than twenty percent of the account balance may be withdrawn in any one month to satisfy the award.

#### B. Nominal Attorney's Fees under § 1923(a)

Citing *Berryman v. Regiler,* cited *supra,* Magistrate Judge Komives found that defendants are entitled to costs of only $5.00 under 28 U.S.C. § 1923, because the motion for summary judgment was decided without a hearing. (R & R at 5–6). In *Regiler,* Magistrate Judge Pepe based his decision on the distinction between *Regiler* and *Mikel v. Kerr,* 64 F.R.D. 93 (E.D.Okla.1973), *aff'd,* 499 F.2d 1178 (10th Cir.1974), which involved an *actual* hearing on the motion for summary judgment. In *Regiler,* the defendants cited *Mikel* for the proposition that a "motion for summary judgment constitutes a 'final judgment.'" *Regiler,* No. 92–CV–75659–DT at 2. Magistrate Judge Pepe found:

[i]n this case, because no hearing was held and defense counsel did not have to appear in court in addition to writing the brief and motion, the Court finds that defendants are not entitled to attorney[']s fees for a final hearing; they are entitled only to fees for a motion for judgment.

*Id.*

This Court finds that Magistrate Judge Pepe and Komives' decision in this regard is incorrect; therefore, defendants *are* entitled to $20.00 under 28 U.S.C. § 1923(a). That section provides in pertinent part:

> **§ 1923. Docket fees and costs of briefs**
>
> **(a)** Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows:
>
> $20 on *trial or final hearing* (including a default judgment whether entered by the court or by the clerk) in civil … cases
>
> \* \* \* \* \* \*
>
> $5 on *motion for judgment* and other proceedings on recognizances;

28 U.S.C. § 1923(a) (emphasis added). Although the section's language refers to "trial or final hearing" to entitle a party to $20.00, this Court believes that the word "final" rather than the word "hearing" is the determining factor as to whether the party is entitled to $20.00. This Court disagrees with Magistrate Judge Pepe's belief that *Mikel v. Kerr,* cited *supra,* can be distinguished from the motion for summary judgment in this case because "an actual hearing on the summary judgment motion was held." *Berryman v. Regiler,* Order at 2. In this Court's opinion, the *Mikel* court does not appear to base its decision that defendants were entitled to $20.00 under § 1923(a) on the basis that "an actual hearing on the summary judgment motion was held." The *Mikel* court found specifically:

> [a] final hearing is defined as 'that stage of proceedings relating to the determination of a suit upon its merits as distinguished from those of preliminary questions.' The granting of a Summary Judgment wherein all issues are settled is an appealable order. *The Summary Judgment in this case disposing of all issues being appealable constitutes a final hearing within the*

*intent and meaning of 28 U.S.C. § 1923(a)* and as such the allowance of a $20.00 Docket Fee upon final hearing by the Clerk was proper.

64 F.R.D. at 96 (internal citations omitted) (emphasis added).

Although this Court is not aware of any circuit that has specifically addressed this issue in a published opinion, in *Meador–Bey v. Jones,* No. 92–2379, 1993 WL 76228 (6th Cir. Mar. 17, 1993), *cert. denied,* —— U.S. ——, 113 S.Ct. 3019, 125 L.Ed.2d 708 (1993), cited by defendants in their motion to tax costs, the Sixth Circuit considered the *pro se* prisoner's challenge to the district court's decision granting defendants' motion to tax costs. In *Meador–Bey,* the district court granted defendants' motion for summary judgment on the plaintiff's 42 U.S.C. § 1983 Eighth Amendment claim. On appeal, the plaintiff argued that the defendants were not entitled to $20.00 on the "nominal attorney fees" for trial or final hearing, because his complaint was disposed of on summary judgment. *Id.* at \*\*1. In affirming the district court's decision awarding that amount, the Sixth Circuit found the plaintiff's challenge to be "without merit," stating:

> [a] final hearing under 28 U.S.C. § 1923(a) has been defined as "that stage of the proceedings relating to the determination of a suit upon its merits as distinguished from those of preliminary questions." *Mikel v. Kerr,* 64 F.R.D. 93, 96 (E.D.Okla. 1973), *aff'd,* 449 [499] F.2d 1178 (10th Cir. 1974). Because the grant of summary judgment in this case disposed of all issues on the merits and was an appealable order, it constituted the result of a "final hearing" within the meaning of § 1923(a) allowing the taxation of the attorney's docket fee as awarded. *Id.*

*Id.*

Another unpublished opinion by the Sixth Circuit demonstrates why the $5.00 "motion for judgment" option of § 1923(a) is inapplicable in this case. In *Miller–Bey v. Hosey,* No. 93–1700, 1994 WL 43454 (6th Cir. Feb. 14, 1994), the *pro se* plaintiff filed a civil rights claim under § 1983. The district court dismissed one defendant for lack of

prosecution and the remaining defendants on summary judgment. Subsequently, the defendants moved for costs, which the district court granted. On appeal, the Sixth Circuit found that:

> the defendants were not statutorily entitled to all of the costs that were claimed in their motion. *This is so because the defendants relied in part on a provision of 28 U.S.C. § 1923(a) which allows for $5.00 in costs "on motion for judgment and other proceedings on recognizances."*

*Id.* at **1 (emphasis added). The Court found further that:

> [t]he notes to § 1923(a) indicate that the phrase "motion for judgment" was substituted for the words "scire facias"[5] in the former version of the statute. *Clearly, the underlying judgment in the present case was not based on this type of writ.* ... Thus, the defendants are not legally entitled to the $5.00 in costs that they claimed under *this* provision of § 1923(a).

*Id.* (emphasis added). *See* 28 U.S.C. § 1923, Revision Notes.

Based on the above, this Court finds that defendants are not entitled to $5.00 under the "motion for judgment" provision of § 1923(a) but *are* entitled to $20.00 in costs for a "final hearing" as defined by the *Mikel* court. *See* 28 U.S.C.A. § 1923, Notes of Decisions 14 (citing *Mikel* for the proposition that "summary judgment" constitutes "final hearing" under § 1923). *See also* 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2677, at 360 n. 24 (1983).

Accordingly,

**IT IS ORDERED** that defendants' motion to tax costs is **GRANTED** in the reduced amount of $49.40, consisting of $29.40 in copying fees[6] and $20.00 in nominal attorney's docket fees.

**IT IS FURTHER ORDERED** that a lien is ordered against plaintiff's prisoner account pursuant to MDOC PD–DWA–20.01 to take $49.40 out of plaintiff's account if the account balance is over $50.00. If the amount to be withdrawn would cause the balance in plaintiff's account to fall below $50.00, then no more than twenty percent of the account balance may be withdrawn in any one month to satisfy the award.

---

**5.** *"Scire facias"* is defined in part as "[a] judicial writ, founded upon some matter of record, such as a judgment or recognizance and requiring the person against whom it is brought to show cause why the party bringing it should not have advantage of such record ... The name is used to designate both the writ and the whole proceeding.... The most common application of this writ is as a process to revive a judgment, after the lapse of certain time, or on a change of parties, or otherwise to have execution of the judgment, in which cases it is merely a continuation of the original action." *See* Black's Law Dictionary 1346 (6th ed. 1990).

**6.** 294 pages at ten cents per page. *See* n. 1, *supra.*