Herbert F. McGILL, Plaintiff–Appellant,

v.

Gordon H. FAULKNER, Cloid L. Shuler, Jack R. Duckworth, et al., Defendants–Appellees.

No. 92–3012.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 28, 1993.

Decided March 9, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied April 11, 1994.

---

Jerold S. Solovy, C. John Koch, Ellen L. Partridge (argued), Jenner & Block, Chicago, IL, and Donald W. Pagos and Frank Parkerson, Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, Michigan City, IN, for plaintiff-appellant.

David A. Arthur, Deputy Atty. Gen. and Thomas D. Quigley (argued), Office of the Atty. Gen., Federal Litigation, Indianapolis, IN, for defendants-appellees.

Before COFFEY and MANION, Circuit Judges, and SKINNER, District Judge.*

COFFEY, Circuit Judge.

Herbert McGill appeals the district court's imposition of costs against him following this court's decision in *McGill v. Duckworth*, 944 F.2d 344 (7th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1265, 117 L.Ed.2d 493 (1992), which overturned a jury award in his favor. We affirm.

## BACKGROUND

McGill, an Indiana inmate serving a twenty-seven year sentence for voluntary manslaughter and robbery, was raped in a prison shower by a fellow prisoner. Following the incident, McGill filed a civil rights claim in federal court pursuant to 42 U.S.C. § 1983 against four prison administrators (Gordon Faulkner, Cloid Shuler, Jack Duckworth, and Robert Brandenberg) and four prison guards (Jeff Fisher, Jerry Jones, Jay Kirkpatrick, and Brian Webb) (collectively, "prison officials") and retained private counsel on a contingency-fee basis.[1] Specifically, McGill alleged that the prison officials violated his

Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment due process rights. He also filed a pendant claim of negligence under Indiana law. On September 28, 1989, a jury returned a verdict in McGill's favor awarding him $39,654.91.

The prison officials appealed the judgment and McGill cross-appealed. This court vacated the judgment in McGill's favor, holding that he had failed to establish that the prison officials had actual knowledge of the impending attack on McGill, as required under *Duckworth v. Franzen*, 780 F.2d 645 (7th Cir.1985). *McGill*, 944 F.2d at 347–350. As to McGill's state law negligence claim, the evidence presented established that McGill's rapist, Ausley, and an accomplice, Halliburton, began harassing McGill shortly after his arrival in one of the prison's segregation units, and McGill neglected to report the threats to the prison officials. The evidence also demonstrated that on the day of the rape, McGill left his cell for a shower and was approached by Ausley, who made sexually suggestive remarks and threats while following him. Although McGill passed two correctional officers on his way to the shower, he neither asked for help nor requested an opportunity to return to his cell. *McGill*, 944 F.2d at 346. Based on this evidence, we held that the prison authorities were entitled to judgment as a matter of law under Indiana law because McGill understood and appreciated the risk that Ausley might harm him and despite his knowledge of the risk, McGill proceeded to the shower and was attacked by Ausley while in the shower room. *See Beckett v. Clinton Prairie School Corp.*, 504 N.E.2d 552 (Ind.1987).

This court also rejected McGill's cross-appeal, holding that the trial court did not abuse its discretion by refusing to compel the attendance of three witnesses because McGill failed to subpoena the witnesses "even after the judge insisted that [subpoena] was his only recourse." *McGill*, 944 F.2d at 354.

---

* The Honorable Walter Jay Skinner, District Judge for the District of Massachusetts, is sitting by designation.

1. Although the caption of McGill's amended complaint states that the defendants were sued in their individual capacities, the Indiana Attorney General's office has represented each defendant from the outset of the litigation. The amended complaint also alleges that each defendant acted illegally under the color of law.

We also rejected McGill's contention that he should have received a hearing before being assigned from the general prison population to the disciplinary unit, since McGill requested that he be reassigned to the segregation unit. *Id.*

Following the reversal of McGill's jury award and the dismissal of his cross-appeal, the prison officials timely filed an itemized bill of costs seeking to recoup their expenses incurred on appeal pursuant to Fed.R.App.P. 39. This court taxed costs in the amount of $1,012.00 and McGill neglected to file an objection. The prison officials then petitioned the district court to allow them to recover the costs they incurred in the district court trial. Thereafter they garnished McGill's inmate trust account and in response, McGill, in his motion entitled "Response to Petition for Award of Costs," argued that the court should not award costs because there were valid reasons for denying costs to the prison officials. McGill referred to his alleged indigency and good faith and further that his good faith was evidenced by the jury verdict. He further argued that his indigency was borne out by his status as a state prisoner. McGill contended that although he had not sought leave to prosecute his case as an indigent, he was in fact indigent, his only asset was the balance in his inmate trust account, and that his attorneys had advanced all the costs associated with the litigation. McGill failed to submit supporting documentation in the district court establishing that he in fact was indigent.

On July 23, 1992, the district court ruled:

Fed.R.Civ.P. 54 creates a presumption that the prevailing party should recover costs, and that presumption is not overcome merely by the losing party's showing of good faith in prosecuting the action. *Gardner v. Southern Railway Systems,* 675 F.2d 949, 954 (7th Cir.1982); *Popeil Brothers, Inc. v. Schick Electric, Inc.,* 516 F.2d 772, 776 (7th Cir.1975). The defendants note that there is no evidence that Mr. McGill is indigent.

The court finds nothing to overcome the presumption that Mr. McGill should pay the defendants' costs in the amount of $3,214.50, which represents the amount included in the [appellate court's] mandate and the items set forth in the petition for costs.

The court authorized the freezing of McGill's inmate trust account to secure payment of the amount owed, $3,214.50, representing the total costs the prison officials expended at trial and on appeal. McGill immediately withdrew the balance of his inmate account, which had averaged $73.94 over the preceding six months, and filed his appeal from the imposition of costs. Following the withdrawal of his funds he applied for pauper status, stating that his prison account was without funds and that he had no interest in any other property of value. The district court granted McGill in forma pauperis status and granted him leave to appeal the order imposing costs.

### ISSUE

The sole issue McGill raises on appeal is whether the trial court's award of costs against him and in favor of the prison officials was erroneous because of McGill's alleged indigence.

### DISCUSSION

■ McGill contends that a court faced with a petition for costs must at least consider the opposing party's ability to pay before awarding costs against that party. Contending that he is indigent and that the court failed to consider his indigency, McGill argues that the trial court's order imposing costs against him was unreasonable. McGill is mistaken, for not only did the court consider his claim of indigence as evidenced in the record but furthermore unsuccessful indigent litigants are not automatically shielded from the imposition of costs against them. *Weaver v. Toombs,* 948 F.2d 1004 (6th Cir.1991).

### A.

■ Initially, we note that when the prison officials timely filed a bill of costs with this court seeking recovery of the expenses they incurred on appeal, McGill failed to file an objection to the bill of costs and thus waived his right to challenge the order for payment of costs. Fed.R.App.P. 39(d) ("[o]bjections to the bill of costs *must* be

filed within 10 days of service on the party against whom costs are to be taxed unless the time is extended by the court") (emphasis added). McGill does not contend that he did not receive service of the prison officials' bill of costs. *Cf. Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989) ("once a *pro se* [in forma pauperis] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"); *Denofre v. Transportation Insurance Rating Bureau,* 560 F.2d 859 (7th Cir.1977) (bill of costs tendered after deadline not permitted absent showing of good cause). The remaining issue before us concerns the propriety of the award of costs incurred in the district court.

### B.

■ The district court ruled that McGill failed to overcome the presumption that the prison officials were entitled to costs under Fed.R.Civ.P. 54(d), which provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Under Rule 54, "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *Popeil Brothers,* 516 F.2d at 775. The power to award costs under Rule 54 is a matter within the sound discretion of the district court, *Badillo v. Central Steel & Wire Co.,* 717 F.2d 1160, 1165 (7th Cir.1983), and an abuse of discretion occurs "only when no reasonable person could take the view adopted by the trial court." *United States v. Santiago,* 826 F.2d 499, 505 (7th Cir.1987). The parties do not dispute that the prison officials are the "prevailing party" in this case. A review of the record makes clear that the court considered McGill's alleged indigence; in its order, the court noted that "Mr. McGill asks the court to deny the defendants' petition for costs because he is indigent...." Considering this specific and unambiguous language, we reject McGill's contention that the court did not consider his claim that because he was indigent he would be unable to pay the costs assessed against him.

■ McGill contends that the court was required to make a specific finding of whether he was indigent and if so, whether his indigence overcame the presumption that the prevailing party is entitled to costs. While "the inability to pay is a proper factor to be considered in granting or denying taxable costs" and the presumption that costs are to be awarded to the prevailing party "may be overcome by a showing of indigency," *Badillo,* 717 F.2d at 1165, McGill failed to establish in this record that he was incapable of paying the court-imposed costs at this time or in the future. His response to the prison officials' petition for costs merely alleged, without documentary support, that he was indigent and therefore he should not have to pay costs. McGill's statement that he was indigent "as borne out by his status as a state prisoner" is unpersuasive; being a state prisoner does not per se establish that one is without funds, for there are inmates in both state and federal prison systems who have wealth. Moreover, the fact that the district court found McGill to be indigent eight weeks after imposing costs against him is not dispositive for McGill, through his attorney, had an opportunity to thoroughly argue that his indigency should prevent him from being ordered to pay the prison officials' costs incurred, but McGill offered nothing other than unsupported, self-serving statements that he was unable to pay the costs sought by the prison officials.

Despite the fact that McGill failed to present any evidence to the trial court of his indigency, he argues on appeal that "indigency is a well-recognized exception to the rule that the loser pays costs." A plaintiff's indigency, as claimed in this case, however, does not require the court to automatically waive costs to an unsuccessful litigant. *Weaver,* 948 F.2d at 1008 ("[w]e think it is clear, then, that a district court may assess costs against an unsuccessful *in forma pauperis* litigant whether or not the claim was frivolous or simply unmerited"). The statute dealing with in forma pauperis status, 28 U.S.C. § 1915, expressly provides for awarding "costs at the conclusion of the suit or action as in other cases." The court in *Flint v. Haynes,* 651 F.2d 970 (4th Cir.1981), *cert.*

*denied,* 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982), elaborated on the reasoning behind the rule that indigents are not immune from the imposition of costs, observing that:

> when costs are assessed only in extreme or exceptional cases, those persons granted leave to proceed in forma pauperis have virtually 'nothing to lose and everything to gain' [citation omitted] and the purpose of § 1915—equal access for the poor and the rich—is distorted. Non-indigents who contemplate litigation are routinely forced to decide whether their claim is 'worth it.' [Citation omitted]. We see no reason to treat indigents differently in this respect.
>
> \*    \*    \*    \*    \*    \*
>
> We find that the district court's decision to tax costs pursuant to § 1915(e) is a reasonable alternative which serves to assure that litigants will be required to assess the relative merits and risks of litigation before they proceed.

651 F.2d at 973, 974. The *Flint* court's rationale remains sound, and dictates a result contrary to McGill's position. McGill should not be shielded from the costs he forced the defendants to incur with his suit even if he was and is presently indigent. Just as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must prisoners like McGill learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits. The imposition of costs against an unsuccessful litigant is analogous to a court ordering a criminal defendant to make restitution to his victim because the award of costs and restitution are both designed to compensate wronged parties either during or after imprisonment if in fact he is confined.

■ Finally, we address McGill's contention that the district court's order will have a "chilling effect" on prisoners' civil rights litigation. But far from "chilling" prisoners' litigation, the rule that indigent prisoners, like anybody else, may be required to reimburse costs others have expended defending the prisoners' unsuccessful suits serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike. As the *Weaver* court noted, "[w]e perceive no chilling effect ... that has slowed the onslaught of prisoner filings of civil rights claims in federal courts without prepayment of costs, with the potential of later assessment upon unsuccessful conclusion of the case." *Weaver,* 948 F.2d at 1008. Thus, even if McGill had timely demonstrated to the district court's satisfaction that he was indigent, the court still would not have abused its discretion by awarding costs against McGill pursuant to Rule 54(d).

The power to award costs is a discretionary function of the court and we are not convinced on the record that McGill will not ever be able to pay the order imposing costs. The entry of judgment for costs of this nature is valid for twenty years. *See* Ind.Code 34–1–2–14. Because McGill failed to overcome the presumption that the prison officials are entitled to costs under Rule 54, and because we are unwilling to adopt a *per se* rule that indigency alone overcomes the presumption, we hold the trial court did not abuse its discretion by imposing costs against McGill.

AFFIRMED.