62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gene Vontell GRAHAM, Plaintiff-Appellant,
v.
Evan BAYH, et al., Defendants-Appellees.
 No. 94-1403.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 26, 1995.*
Decided Aug. 2, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Ever since he secured a procedural victory in Graham v. Broglin, 922 F.2d 379 (7th Cir.1991), which holds that prisoners may use 42 U.S.C. Sec. 1983 to challenge prison decisions that do not entail a quantum change in degrees of custody, Gene Vontell Graham has been a frequent filer. This circuit has disposed of some 10 cases by unpublished orders in the last three years, and the district court has addressed many more. Graham never wins, but he keeps filing. Today we consider his claim that Indiana prison officials violated the Constitution of the United States by using paper and pencil, rather than digital computers, to keep track of his sentence. He also insists that a decade-old notation in his prison record is incorrect, and that the Constitution entitles him to have it changed--more precisely, that the Constitution entitles him to litigate the question whether the notation is correct (for the defendants do not concede error) and, if it is, to have it changed. Like the district court, we conclude that these claims have no constitutional footing.
 
 
 2
 Most of the defendants (who include the Governor of Indiana) have nothing to do with the events of which Graham complains, and the district court properly dismissed them because liability under Sec. 1983 is personal rather than derivative. Monell v. Department of Social Services, 436 U.S. 658 (1978). The remaining two defendants--Classifications Director Larry Warg and Prison Counselor Douglas Barnes--prevailed on the merits.
 
 
 3
 Consider first the claim that the Constitution requires records to be kept by computer. Even a person without legal education must understand that this is an impossible reading of the Constitution, adopted as it was long before the development of computers, indeed before any comprehension of electricity. (Benjamin Franklin did a few experiments with lightning, but understanding and application had to await Faraday and Maxwell. The first working digital computer was switched on in 1946.) Graham does not stake out a "right to computer bookkeeping." Instead he argues that Indiana violated the equal protection clause by distinguishing between prisoners whose records are kept in a computer database and those whose records are kept on paper.
 
 
 4
 The basis of the distinction is the nature of the sentence. Persons serving indeterminate sentences of a kind no longer used by the state courts have paper records, for the simple reason that the database was designed for the kind of sentences now being awarded. A difference in recordkeeping is no more problematic than the difference between types of sentences; and since the Constitution itself, through the Ex Post Facto Clause, requires the states to respect differences in the criminal code that existed on the date of the offense, Graham is hardly in a position to complain. Indiana has a rational basis for the distinction; no more is required.
 
 
 5
 As for the asserted error: the prison records state that in 1980 Graham twice refused to take psychotropic drugs that had been prescribed. Let us suppose this entry is false--because no such drugs were prescribed, because Graham took them, or because Graham took or refused them at a different prison. (Graham says that the entry is demonstrably false because at the time in question he was not at the prison named in the records.) So what? Graham does not say that this entry causes current harm. He is not being inveigled to take drugs now, and although he says that the record puts him in fear that the prison will administer drugs to him against his will, the record actually establishes the opposite--that Indiana respects a prisoner's right to refuse psychoactive medication.
 
 
 6
 Some statutes, such as the Privacy Act, 5 U.S.C. Sec. 552a, give people the right to accurate records, or at least to include in the records their own version of events. These laws came into being because the Constitution is silent on the subject. Graham, who cannot so much as trace injury to any error in the records, is miles short of making out a constitutional claim. We grant that Graham believes that the record affects his placement among Indiana's prison, but the Constitution permits the state to house him where it will. Sandin v. Conner, 63 U.S.L.W. 4601 (U.S. June 19, 1995). He is in a regular prison, not an asylum, so Vitek v. Jones, 445 U.S. 480 (1980), is not applicable.
 
 
 7
 Graham's long record of frivolous suits suggests that he is abusing the privilege of litigating in forma pauperis. 28 U.S.C. Sec. 1915 governs the prepayment of costs but not their ultimate allocation. McGill v. Faulkner, 18 F.3d 456 (7th Cir.1994). Graham has lost this case and must reimburse the defendants for their costs. We will tax costs against Graham and invite the district court to do likewise. These costs can be collected from his prison account, and the deprivation of sweets and other articles may induce him to think twice before making silly claims in the name of the Constitution.
 
 
 8
 AFFIRMED, WITH COSTS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record