76 F.3d 381
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ralph MAJESKI, et al., Plaintiffs-Appellants,
v.
BALCOR ENTERTAINMENT COMPANY LTD., et al., Defendants-Appellees.
 No. 95-2993.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 16, 1996.*
Decided Jan. 24, 1996.
 
 Before CUMMINGS, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff class filed a securities class action, which was ultimately dismissed as untimely. Eckstein v. Balcor Film Investors, 58 F.3d 1162 (7th Cir.1995). The district court then ordered the class to pay costs of some $87,000 under Fed.R.App.P. 54(d), and the class appeals.
 
 
 2
 A prevailing party is presumptively entitled to costs, and the defendants prevailed. Whatever discretion the district judge possesses to deny costs is reviewed with considerable deference on appeal. McGill v. Faulkner, 18 F.3d 456 (7th Cir.1994). It is therefore difficult to see the point of this appeal, in which the class does not contest the amount of the award but argues, instead, that the defendants were not entitled to a single penny.
 
 
 3
 The case on which the class principally relies, Coyne-Delaney Co. v. Capital Development Board, 717 F.2d 385 (7th Cir.1993), not only recognized the presumption in favor of costs (id. at 390) but also reversed an order that had denied costs to a prevailing defendant. How this helps the class eludes us. Plaintiffs tell us that Coyne-Delaney establishes a principle that a change of law during the course of the litigation leads to a denial of costs. Short v. Belleville Shoe Manufacturing Co., 908 F.2d 1385 (7th Cir.1990), decided after the class filed this suit, altered the analysis of limitations claims in securities cases based on Rule 10b-5. The problem with the plaintiffs' submission is that it tracks the position of the district judge in Coyne-Delaney, a position that we reversed. Far from establishing that a change of law requires a district judge to deny costs to a prevailing defendant, our opinion in Coyne-Delaney throws cold water on the proposition that this is even a permissible consideration in favor of a denial of costs. In this case the district court considered the subject and deemed it inadequate to deprive the prevailing party of its costs; deferential review supplies no basis to upset that conclusion.
 
 
 4
 One other contention requires brief comment. The Balcor partnership agreement provides that the general partner, and directors and officers, are not entitled to indemnification for the expenses of litigation unless they prevail, and the judge approves the disbursement. According to the class, some of the defendants "misappropriated" $600,000 for litigation costs before they won, and without the judge's approval. This, the class insists, required the district judge to deny the application for costs. If some defendants have taken money to which they are not entitled, then the right step is to require them to repay. The district court did not think that restitution was in order. At all events, improper (or premature) reimbursement from partnership funds does not justify excusing unsuccessful litigants from the obligation to pay costs that were incurred because of their suit. Quite the contrary, if the Balcor entities have been tapped to pay the costs of suit, it is all the more important that plaintiffs pay up. Payment either will inure to the partnership (and thus to the other investors) or will reduce the additional outlays from the partnership to the defendants (and thus aid the other investors indirectly).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This case has been orally argued twice. The current, successive appeal was assigned to the original panel, which is unanimously of the view that a third oral argument would not be helpful