83 F.3d 424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Edsel C. PETTIFORD, Plaintiff-Appellant,
v.
Bruce LEMMON, et al., Defendants-Appellees.
 No. 95-1366.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1996.[1]
Decided April 26, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Edsel C. Pettiford, an Indiana state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants, various prison officials, were violating his rights under the Eighth and Fourteenth Amendments by "confiscat[ing] money from his inmate trust
 
 
 2
 The crux of plaintiff's argument is that he "has continuously met the indigent standard for free legal mailing expenses," because he had less than $30 in his inmate trust fund account. According to Indiana Department of Correction Rules, an inmate is indigent and entitled to free postage for legal mailings if he has less than $30 in his personal account.
 
 
 3
 The district court granted defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6),[2] finding that, in their official capacities, defendants were entitled to qualified immunity; that no respondeat superior argument could be made under § 1983; that plaintiff's claim failed because the complaint indicated that the money was taken from him only after remittance slips were signed by plaintiff,[3] and that the slips indicated the postage was for non-legal mail; and that even if an intentional deprivation occurred, the availability of post-deprivation remedies precluded the use of § 1983. The court also awarded costs to defendants. Plaintiff filed two post-judgment motions, both of which were denied. We must first ask which orders are properly before us for review.
 
 Appellate Jurisdiction
 
 4
 The final judgment was entered on November 9, 1994, dismissing the case with prejudice and stating that "[c]osts are assess[ed] against the plaintiff." (R. 34, 35) No notice of appeal was filed. On December 22, 1994, defendants submitted a "Motion for Accessment [sic] of Costs," asking for $15.60. (R. 36) Then, on December 29, 1994, the district court entered an order awarding costs in the amount of $15.60 to defendants under Fed.R.Civ.P. 54(d)(1).[4] (R. 37, 38)
 
 
 5
 On January 3, 1995,[5] plaintiff filed a post-judgment "Motion to Correct Errors," presumably under Fed.R.Civ.P. 59(e) as to the December 29, 1994 costs judgment,[6] and a Rule 60(b) motion as to the underlying November 9, 1994 dismissal of the merits. The motion asks the district court to "reverse its order demanding that the plaintiff be liable for cost[s] in this action and its dismissal of the plaintiff's action 'with prejudice.' " (R. 39)
 
 
 6
 On January 30, 1995, nearly 90 days after the November 9, 1994 dismissal order was entered, plaintiff filed a "Second Motion for Relief Pursuant to Civil Rule 60(b)(1)," stating only that the district court had "failed to respond to the foregoing matter," and that plaintiff "wishes the court to respond immediately in resolving this matter with a final judgment." (R. 41)
 
 
 7
 On February 2, 1995, the district court entered an order denying the post-judgment Rule 59(e) and Rule 60(b) motions.
 
 
 8
 On February 9, 1995, an appeal was filed. The Notice of Appeal states that plaintiff appeals from the February 2, 1995 order "denying the plaintiff's first and second Motions to Correct Errors in compliance with Civil Rule 60(b)(1), which is an appealable judgment." (R. 43)
 
 
 9
 The key difference for purposes of this case lies in the fact that, unlike a Rule 59(e) motion, a Rule 60(b) motion does not toll the time for appeal, United States v. Deutsch, 981 F.2d 299 (7th Cir.1992), and therefore the proper time for filing an appeal from the November 9 judgment had passed. Id.
 
 
 10
 Thus, once that Rule 59(e) motion was denied (on February 2, 1995), plaintiff filed an appeal within seven days (on February 9, 1995), which was timely as to the December 29, 1994 costs award, but untimely as to the November 9, 1994 dismissal order.
 
 
 11
 We can review only the December 29 costs award and the denial of the Rule 59(e) and 60(b) motions, not the underlying November 9, 1994 judgment dismissing the confiscation-of-postage-money claim. See Browder v. Director, Department of Corrections, 434 U.S. 257, 263 n. 7 (1978) ("an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review"); Provident Savings Bank v. Popovich, 71 F.3d 696, 698 (7th Cir.1995) (limiting review to denial of Rule 60(b) motion, and not reviewing the merits of the underlying judgment; thus "our review is far narrower than it would be on direct appeal"); Goffman v. Gross, 59 F.3d 668, 672 (7th Cir.1995) (denial of Rule 60(b) motion is appealable separate from the underlying judgment).[7] We can, however, review the December 29, 1994, judgment assessing costs of $15.60, since the Rule 59(e) motion, filed on January 3, 1995, tolled the time for filing an appeal as to that judgment.
 
 
 12
 Denial of Rule 60(b) Motion Challenging Dismissal of Postage Funds Claim
 
 
 13
 In the January 30, 1995 motion, in regard to the merits of the underlying judgment, plaintiff argued that he was only complaining of the removal of his money for legal mail; that the district court was wrong in referring to non-legal mail. (R. 39, p. 2)
 
 
 14
 On review of the denial of a Rule 60(b) motion, we are limited to the question of whether the district court abused its discretion in denying the motion for relief from judgment. Harold Washington Party v. Cook County, 984 F.2d 875, 879 (7th Cir.1993). Thus, we can disturb the district court's denial only if "no reasonable person could agree with the district court." Id.
 
 
 15
 A motion under Rule 60(b)(1) should be granted only as an extraordinary remedy and in exceptional circumstances. Lee v. Village of River Forest, 936 F.2d 976, 978 (7th Cir.1991). The movant must show "[m]istake, inadvertence, excusable neglect, newly discovered evidence or fraud." Dickerson v. Board of Education of Ford Heights, Illinois, 32 F.3d 1114, 1116 (7th Cir.1994).
 
 
 16
 Plaintiff has made no such showing. The two post-judgment motions merely argue that the district court "misinterpreted" the documents attached to the complaint.
 
 
 17
 Pettiford attached several documents to the complaint, apparently in an attempt to show that he had under $30 in his account when defendants had him sign slips permitting the removal of funds for legal postage. The district court considered these documents in making its decision, but there was no "mistake" or "misinterpretation." The documents speak for themselves.
 
 
 18
 No abuse of discretion occurred when the district court denied the Rule 60(b) motion.
 
 
 19
 Denial of Rule 59(e) Motion Challenging Order Assessing Costs
 
 
 20
 On January 3, 1995, plaintiff filed a post-judgment "motion to correct errors," under Fed.R.Civ.P. 59(e), which included a challenge to the November 9, 1994 order stating that costs would be awarded to defendants. (The January 30, 1995 Rule 60(b)(1) motion adds nothing, except that it attaches a receipt showing that plaintiff paid the $15.60 to defendants.)
 
 
 21
 A Rule 59(e) motion is meant to correct "a manifest error of law or fact," or to present "newly discovered evidence." Fed.R.Civ.P. 59(e); McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir.1984). As with the Rule 60(b) motion, we will not disturb the denial of a Rule 59(e) motion absent an abuse of discretion. McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir.1994); Billups v. Methodist Hospital, 922 F.2d 1300 (7th Cir.1991). In the January 3, 1995 motion, apparently in regard to the issue of costs, plaintiff argues that he was not required to give defendants notice of a tort claim under the Indiana Notice of Claim Statute.[8] But nothing in the record indicates that the district court ever intended to award costs based on plaintiff's failing to give the state government notice of a tort claim as required under Indiana state statutes. The only indication of the court's rationale is contained in its February 2, 1995 order denying the post-judgment motions:
 
 
 22
 As there is clear support in this Circuit for assessing costs even as against those who are indigent and not sophisticated in the law, both the initial motion to correct errors and the second motion for relief are DENIED. See McGill v. Faulkner, 18 F.3d 456 (7th Cir.1994). (R. 42)
 
 
 23
 Regardless, the district court has the discretion to award costs to the prevailing party under Fed.R.Civ.P. 54(d)(1). O.K. Sand & Gravel v. Martin Marietta Technologies, 36 F.3d 656, 671 (7th Cir.1994); McGill, 18 F.3d at 459. This is true even where the litigant is indigent and appearing pro se. McGill, 18 F.3d at 458, citing Weaver v. Toombs, 948 F.2d 1004 (6th Cir.1991). Rule 54(b) permits the award of costs without regard to a party's status as pro se or represented. See Tulsa Litho Co. v. Tile and Decorative Surfaces Magazine Publishing, Inc., 69 F.3d 1041, 1043 (10th Cir.1995). This is especially appropriate where the facts in the documents attached to plaintiff's complaint, indicating that plaintiff authorized the release of money from his account for legal fees, contradicts the allegations in the complaint that defendants "unconstitutionally confiscated money from my personal indigent account for legal (fees) mail."
 
 
 24
 No abuse of discretion occurred in the denial of the portions of the Rule 59(e) and Rule 60(b)(1) motions challenging the award of costs. Insofar as plaintiff seeks review of the November 9 judgment in his brief, that portion of the appeal is dismissed.
 
 Conclusion
 
 25
 The decision of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is not necessary and the appeal is therefore submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 The district court decision is not entirely clear on whether it converted the Rule 12(b)(6) motion into a motion for summary judgment. While it refers to the possibility of conversion, it also appeared to not look beyond the complaint and its attachments. See, e.g., page 6: "The attachments to the plaintiffs' [sic] complaint indicate that the money taken from his account was from remittance slips signed by him.... This is a part of the complaint, and on the face of the complaint. On their face, those slips indicate that the postage is for non-legal mail." Thus, we assume that the defendants' 12(b)(6) motion was not converted into a motion for summary judgment
 
 
 [3]
 The remittance slips themselves are not attached in the complaint or found elsewhere in the record, although plaintiff does not contend he did not sign the slips. In fact, a letter to the Department of Corrections from plaintiff, dated January 26, 1994, and attached to the complaint, states: "I signed several admittance slips permitting the Financial Department of ISP to confiscate certain amounts of money required for said legal expenses."
 
 
 [4]
 The district court ordered that plaintiff's prison trust account be frozen until the $15.60 was paid. (R. 37)
 
 
 [5]
 This motion was signed December 21, 1994--before the court entered the award for costs, but after defendants filed their motion asking for costs
 
 
 [6]
 While plaintiff indicated his motion fell under Rule 60(b)(1), we have held that substantive motions served within 10 days of judgment are treated as motions under Fed.R.Civ.P. 59. United States v. Deutsch, 981 F.2d 299, 301 (7th Cir.1992). Thus, while plaintiff obviously could not have been attacking the December 29, 1994 order specifying that costs were awarded in the amount of $15.60, he knew from the November 9, 1994 order that the court would award costs at some later date
 
 
 [7]
 Arguments we cannot consider, therefore, include plaintiff's contention that the district court erroneously applied the "Parratt Doctrine" in this case. See Parratt v. Taylor, 451 U.S. 427 (1981). Plaintiff insists that he has "never raised the issue of the inadequacy of ... post-deprivation procedures." (Appellant's Brief, p. 8) Instead, he argues that the defendants have ignored their own policies controlling the removal of money from an indigent offender's trust fund for legal expenses." (Id.) This, he maintains, is a substantive due process claim--not a procedural due process claim. ("[T]here is no procedural due process claim involved in this case." Appellant's Brief, p. 9) Thus, he argues, the defendants' conduct is "outrageous," "shocks the conscience," is an "abuse of official power," and is "criminal in substance." (Appellant's Brief, pp. 11-12) He claims the right to be free from arbitrary and intentional official state conduct, based on the fact that defendants failed to follow their own policies and regulations
 
 
 [8]
 The motion argues: "Plaintiff wishes to ask this Court to use its sound discretion in determining if the said Plaintiff should be retaliated against, by being ordered to pay costs in this matter because he chosed [sic] to use the foregoing United States Supreme Court and the U.S. Congress decisions in regard to the procedural requirements of the Indiana Notice-Of-Claim Tort [Act]." (R. 39, p. 4, citing Felder v. Casey, 108 S.Ct. 2302, 2315 (1988).)