UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 9/3/96**

RICHARD NAGOL,

      Plaintiff-Appellant,

v.

CITY OF DEMING; DAVID LANEY,
Officer; WILLIAM MCKINLEY,
Officer,

      Defendants-Appellees.

No. 96-2029
(D.C. No. CIV-92-131-MV)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

Plaintiff appeals the district court's entry of summary judgment in favor of

defendant police officers and the City of Deming on his § 1983 claims for false

arrest for forging or making a fictitious driver's license and for refusing to be

---

[*]    This case is unanimously ordered submitted without oral argument pursuant
to the applicable rules. This order and judgment is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel. The
court generally disfavors the citation of orders and judgments; nevertheless, an
order and judgment may be cited under the terms and conditions of
10th Cir. R. 36.3.

fingerprinted incident to arrest.[1]  Plaintiff also appeals the district court's

determination that plaintiff should pay defendants' costs.

The police officers moved for summary judgment on the ground that, to the

extent they were sued in their individual capacities, they were qualifiedly

immune.

> When a defendant asserts qualified immunity in a summary judgment
> context, we apply special rules to determine whether the motion was
> properly granted or denied.  We must first ask if a plaintiff has
> asserted the violation of a constitutional right at all, and then assess
> whether that right was clearly established at the time of a defendant's
> actions.

Taylor v. Meacham, 82 F.3d 1556, 1559 (10th Cir. 1996)(quotations and citation

omitted), petition for cert. filed, 65 U.S.L.W. 3130 (U.S. Aug. 5, 1996)(No. 96-

211).  Plaintiff "has the burden of showing with particularity facts and law

establishing the inference that [defendants] violated a constitutional right."  Kaul

v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

The district court determined that plaintiff's arrest under N.M. Stat. Ann.

§ 66-5-18, relating to altered, forged or fictitious driver's licenses, "does not

contravene any law," R. Vol. II, Doc. 85 at 7.  The district court further held that

plaintiff had not established that he had a right to refuse to be fingerprinted

---

[1]     Plaintiff asserted additional claims, some of which were disposed of on
summary judgment, and two of which went to trial.  Plaintiff does not appeal the
disposition of these other claims.

following a misdemeanor arrest and that nothing in N.M. Stat. Ann. § 29-3-8 (which mandates fingerprinting for certain offenses) or in any other state or federal law precludes a municipality from requiring that misdemeanor arrestees be fingerprinted. Concluding that plaintiff did not meet his burden of showing that the police officers' conduct violated plaintiff's constitutional rights, the court granted summary judgment in favor of the officers.

As to the City of Deming, the court held that the city would not be liable to plaintiff under § 1983 unless plaintiff could establish that it maintained an unconstitutional policy. The district court concluded that neither the law nor the facts asserted by plaintiff established the existence of an unconstitutional policy in connection with the arrests at issue, and entered summary judgment in favor of the city, as well.

We review the grant or denial of summary judgment de novo, applying the same standards as the district court under Fed. R. Civ. P. 56(c). Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). Thus, we review the factual record and any reasonable inferences therefrom in the light most favorable to the plaintiff to determine whether there is a genuine issue as to any material fact. Id. If we determine there are no genuine issues of material fact in dispute, we then look to see whether the district court correctly applied the substantive law. Id. Based upon our review of the record and the pertinent law,

we conclude that the district court properly entered summary judgment in favor of defendants on plaintiff's claims for false arrest relating to his driver's license and his refusal to be fingerprinted incident to arrest, see United States v.Snow, 82 F.3d 935, 943 (10th Cir. 1996); cf. Davis v. Mississippi, 394 U.S. 721, 727-28 (1969).

We turn to the issue of costs. Two of plaintiff's claims survived summary judgment and proceeded to trial. When the district court entered judgment on the jury verdicts, it ordered that costs be taxed against plaintiff. Plaintiff argues on appeal that costs should not be assessed against him because he is proceeding in forma pauperis, he is not represented by counsel, and he allegedly prevailed on issues for which defendants seek costs. The district court's docket sheet shows that after judgment was entered on the jury verdicts, defendants filed a motion and memorandum for costs, and plaintiff subsequently filed objections to the motion for costs. The record is silent as to whether the district court has ruled on the motion or plaintiff's objections.

Like attorney fees, the question of costs is collateral to, and separate from, a decision on the merits. See Buchanan v. Stanships, Inc., 485 U.S. 265, 267-68 (1988). We have held that an order that establishes fee liability, but not the amount of fees, is interlocutory in nature. See Utah Women's Clinic , Inc. v. Leavitt, 75 F.3d 564, 568 (10th Cir. 1995), cert. denied, 116 S. Ct. 2551 (1996).

Here, the district court has yet to determine what costs may appropriately be assessed against plaintiff or what effect his asserted indigence may have on the assessment of costs. See, e.g., McGill v. Faulkner, 18 F.3d 456 (7th Cir.), cert. denied, 115 S. Ct. 233 (1994); Weaver v. Toombs, 948 F.2d 1004 (6th Cir. 1991). Because the district court has yet to resolve the issues relating to the assessment of costs, plaintiff's present appeal of this matter is premature. Plaintiff must await the outcome of the district court's final order on costs and then pursue another appeal if he is dissatisfied.

That portion of the appeal concerning the assessment of costs is DISMISSED for lack of jurisdiction. The judgment of the United States District Court is in all other respects AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge