114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles E. BROWNIE, III, Plaintiff-Appellant,
v.
Brenda GAMBILL, Defendant-Appellee.
 No. 96-2749.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1997.*
Decided May 1, 1997.
 
 Before FAIRCHILD, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Charles Brownie III, a prisoner in Indiana, brought this claim under 42 U.S.C. § 1983 against Brenda Gambill, the court clerk for the Sullivan County, Indiana Circuit and Superior Courts. Although Brownie's complaint was not clear, it appears that he was alleging that Gambill wrongfully blocked his access to the state court, either by refusing to docket various suits he filed or by refusing to return the papers he had attempted to file.
 
 
 2
 After discovery, Gambill moved for summary judgment, arguing that the uncontradicted evidence shows that, with one exception, she forwarded all of Brownie's papers to Judge Thomas Johnson, who had his staff return the papers to Brownie because the latter had neither paid the necessary filing fee nor filed the documents necessary to proceed in forma pauperis under state law. As to the one exception, Gambill argued that the uncontradicted evidence showed that, at Judge Johnson's direction, she returned to Brownie one class action complaint he filed because Brownie had not paid the filing fee or submitted the documents necessary to proceed in forma pauperis. The district court granted summary judgment in favor of Gambill, and Brownie brought this appeal. We affirm for the reasons stated in the district court's order.
 
 
 3
 Brownie also appeals the district court's assessment of costs against him. He apparently believes that the court awarded attorneys' fees to Gambill, but this is not so. The district court merely awarded costs "other than attorneys' fees" to Gambill under Rule 54(d) of the Federal Rules of Civil Procedure. We held in McGill v. Faulkner, 18 F.3d 456 (7th Cir.), cert. denied, 514 U.S. 889 (1994), that a district court may award costs against even an indigent losing party under Rule 54. Brownie makes no argument that he is incapable of paying the costs assessed against him. See Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir.1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able.") Accordingly, we hold that the district court did not abuse its discretion in assessing costs against Brownie. See McGill, 18 F.3d at 459-60.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)