**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 96-2953
_____

Rafeal Arlandos Jackson,           *
                                 *
        Appellant,          *
                                 *
     v.                     *
                                 *
Unknown Smith, COI; Desiree     *
Skiles-Crocker;            *
                                 *
        Appellees,       *
                                 *
Ralph Nichols; Lonnie Salts,    *
Lieutenant; Sharon Perkins, Captain; *
Greg Dunn, Sergeant; Beverly    *
Howell, Sergeant;         *  Appeal from the United States
                               *  District Court for the
        Defendants,      *  Eastern District of Missouri.
                               *
William Major, Sergeant; Albert   *
Schultz, Sergeant; Larry Youngman, *    [UNPUBLISHED]
C.O. (I);            *
        Appellees,       *
                               *
Dennis Crocker, C.O. (I);     *
Francis Sancegraw, C.O. (I);    *
Unknown King, C.O. (I);      *
                               *
        Defendants,      *
                               *
David Nichols,           *
                               *

Appellee.          *

_____

Submitted: June 11, 1997
Filed: June 16, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

After the district court[1] granted summary judgment to defendants in a 42 U.S.C. § 1983 action brought by Rafeal Arlandos Jackson, who was proceeding in forma pauperis, defendants submitted a bill of costs. The district court overruled Jackson's ensuing objection to the bill, concluding that he could make partial payments until the costs were satisfied. This appeal followed, in which Jackson challenges the district court's ruling on costs, arguing that he is indigent and unable to pay, and that he was entitled to a determination of his ability to pay. We reject Jackson's arguments and affirm.

Initially, we note that the district court clearly indicated it had considered Jackson's financial status, as submitted to the court through Jackson's affidavit and his prison-account statement. We also conclude that the district court did not abuse its discretion in assessing costs against Jackson. See Slagenweit v. Slagenweit, 63 F.3d 719, 721 (8th Cir. 1995) (per curiam) (standard of review). A prevailing party may recover costs as a matter of course, if not precluded by federal law, whether the unsuccessful party is fee-paying or indigent. See 28 U.S.C. § 1915(f); Fed. R. Civ. P.

_____

[1]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

54(d); <u>McGill v. Faulkner</u>, 18 F.3d 456, 459 (7th Cir.), <u>cert. denied</u>, 513 U.S. 889 (1994); <u>Weaver v. Tooms</u>, 948 F.2d 1004, 1008 (6th Cir. 1991); <u>cf. Galvan v. Cameron Mutual Ins. Co.</u>, 831 F.2d 804, 805-06 (8th Cir. 1987) (per curiam) (appellate courts may assess costs against in forma pauperis litigants).  Jackson provided no breakdown of expenses or other information showing that portions of the deposits in his prison account are not available for partial payments of costs. <u>See</u> <u>McGill</u>, 18 F.3d at 459.

We decline to address Jackson's assertions and arguments raised for the first time on appeal.  <u>See</u> <u>Renfro v. Swift Eckrich, Inc.</u>, 53 F.3d 1460, 1464 (8th Cir. 1995); <u>Kohley v. United States</u>, 784 F.2d 332, 334 (8th Cir. 1986) (per curiam).

Accordingly, we affirm.

A true copy.

    Attest:

        CLERK,  U.  S.  COURT  OF  APPEALS,  EIGHTH CIRCUIT.