**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THERESA JOHNSON,

        Plaintiff-Appellant,

v.

THE STATE OF OKLAHOMA,
ex rel., UNIVERSITY OF
OKLAHOMA BOARD OF REGENTS,
a constitutional agency; DANIEL L.
MCNEILL, in his individual capacity,

        Defendants-Appellees.

Nos. 99-6322, 99-6427
(D.C. No. 98-CV-123-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Theresa Johnson appeals from two orders of the district court, one granting summary judgment to defendants and the other awarding costs to defendants. We affirm.

Ms. Johnson commenced this action in district court pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12203(a), alleging retaliation. [1] Ms. Johnson, who has multiple sclerosis, [2] was a student in the University of Oklahoma's Physician Associate Program. She filed a discrimination complaint after she was denied an emergency medicine clinical rotation. [3] She later filed this action in district court alleging retaliation for

---

[1] Ms. Johnson sued both the State of Oklahoma and the University of Oklahoma Board of Regents, an arm of the state. See Hensel v. Office of Chief Admin. Hearing Officer, 38 F.3d 505, 508 (10th Cir. 1994). We have previously held that the ADA is a valid abrogation of the States' Eleventh Amendment immunity, see Martin v. Kansas, 190 F.3d 1120, 1125-28 (10th Cir. 1999). However, since the Supreme Court decided Kimel v. Florida Board of Regents, 120 S. Ct. 631, 649-50 (2000), courts have split on the issue of whether Congress validly abrogated the States' immunity from suit under the ADA. The Supreme Court has accepted certiorari on this issue. See University of Ala. at Birmingham Bd. of Trustees v. Garrett, 120 S. Ct. 1669 (U.S. Apr. 17, 2000) (No. 99-1240). Because we determine that Ms. Johnson cannot establish a valid claim under the ADA, we need neither address this issue nor abate this case pending the Supreme Court's determination.

[2] Multiple sclerosis does not automatically qualify as a disability under the ADA. See Sorensen v. University of Utah Hosp., 194 F.3d 1084, 1086-88 (10th Cir. 1999). However, the parties and the district court agreed that Ms. Johnson was disabled within the terms of the ADA. We accept that characterization.

[3] The rotation was scheduled in the University's emergency room. The

(continued...)

-2-

filing that compliant citing nine specific incidents of retaliation, <u>see</u> App. Vol. I at 13-14, including receiving "F"'s in various rotations, being charged with academic misconduct, and being discharged from the program.

The district court, presuming that Ms. Johnson had established a prima facie case, held that she had not sufficiently rebutted defendants' stated legitimate non-discriminatory reasons for their actions. The court therefore granted defendants' motion for summary judgment and awarded costs to defendants.

No. 99-6322

In this appeal, Ms. Johnson argues that the issue of retaliatory intent is one for a jury and that the district court misapplied the substantive law. Ms. Johnson contends that the district court erroneously applied the "pretext-plus rule" which this court rejected in <u>Randle v. City of Aurora</u>, 69 F.3d 441, 451-53 & 452 n.16 (10th Cir. 19 95). She maintains that she presented sufficient facts to show that defendants' stated reasons for their actions were pretextual.

"We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants." <u>Hulsey v. Kmart, Inc.</u>,

---

[3](...continued)

supervising physicians felt that rotation would be too strenuous for her and told her she could take the emergency medicine rotation later in a less stressful and busy emergency room.

43 F.3d 555, 557 (10th Cir. 1994). The moving party must show there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. See id. To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. See id.

For purposes of this appeal, we accept that Ms. Johnson has established a prima facie case of ADA retaliation. See Morgan v. Hilti, Inc., 108 F.3d 1319, 1324 (10th Cir. 1997) (setting forth required elements). Having established a prima facie case, defendants had to come forward with a legitimate non-discriminatory reason for their actions. See Pastran v. K-Mart Corp., 210 F.3d 1201, 1206 (10th Cir. 2000). Ms. Johnson then bore the burden of showing that the defendants' proffered reason was pretextual. See id. Ms. Johnson could "demonstrate pretext by showing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [defendants'] proffered legitimate reasons for [their] action that a reasonable factfinder could rationally find them unworthy of credence." Id. (quotation omitted). While close temporal proximity between Ms. Johnson's filing of her complaint and defendants' adverse action is a factor in determining pretext, that alone is not sufficient to raise a triable issue of fact. See id.

Ms. Johnson points out that the first alleged retaliatory act occurred approximately two months after she filed her complaint. We have held that a one and one-half month period between protected activity and adverse action may, by itself, establish causation. See Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 596 (10th Cir. 1994). In contrast, we have held that a three-month period, standing alone, is insufficient to establish causation. See Richmond v. ONEOK, Inc., 120 F.3d 205, 209 (10th Cir. 1997). We need not decide where the line should be drawn, however, because Ms. Johnson cannot prove that defendants' proffered reasons for their actions were pretextual.

Defendants stated that Ms. Johnson was given an "F" on one clinical rotation because of her excessive absences. The "F" in the other rotation resulted from her dismissal from the rotation by her preceptor based on her lack of medical knowledge and inability to perform at an appropriate level. She was dismissed from the program because she received a failing grade while on probation. Defendants supported these reasons with copies of the program's policies. After her dismissal, defendants learned of Ms. Johnson's participation in a cheating scheme and filed an academic misconduct charge.

Ms. Johnson presented no evidence to contest defendants' proffered reasons for their actions. She stated that she had not missed as much of the rotation as defendants stated and that she did not participate in the cheating scheme.

Ms. Johnson argued that a jury could disbelieve defendants' proffered explanations. Ms. Johnson's statements are insufficient to show that a reasonable factfinder could find defendants' proffered reasons unworthy of credence. The district court did not apply a "pretext-plus" standard in reaching this conclusion.

No. 99-6427

In this appeal, Ms. Johnson argues that the district court erred in awarding costs to defendants. She maintains that her evidence of indigency rebutted the presumption of awarding costs to the prevailing defendant. She appears to suggest that public policy counsels against awarding costs to a prevailing defendant in civil rights cases. Ms. Johnson also contends that the published opinion of another court in the same district is binding precedent on other courts in that district. She concludes that the district court was bound to follow Martin v. Frontier Federal Savings & Loan Association, 510 F. Supp. 1062, 1069 (W.D. Okla. 1981), and not award costs.

Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees *shall be allowed as of course* to the prevailing party unless the court otherwise directs . . . ." (Emphasis added.) We review the district court's ruling on awarding costs under Rule 54(d) for abuse of discretion. See AeroTech, Inc. v. Estes, 110 F.3d 1523, 1526 (10th Cir. 1997).

Courts have held that it was not an abuse of discretion for district courts to award costs when the nonprevailing party was indigent. See McGill v. Faulkner, 18 F.3d 456, 460 (7th Cir. 1994) (district court may award costs against indigent losing party under Rule 54); Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir. 1981) (noting then 28 U.S.C. § 1915(e) (now § 1915(f)) language permitting imposition of costs against indigent civil rights litigants "as in other cases"). But see Stanley v. University of S. Cal., 178 F.3d 1069, 1079-80 (9th Cir.) (district court abused discretion by awarding *especially* high costs without considering whether award would cause civil rights plaintiff to become indigent), cert. denied, 120 S. Ct. 533 (1999). Further, Congress has provided that an award of costs may be entered against plaintiffs who have been permitted to proceed in forma pauperis. See 28 U.S.C. § 1915(f). Certainly, considering this factor would not be an abuse of discretion by the district court. However, we cannot hold that it is the controlling factor.

Ms. Johnson's public policy argument is unpersuasive. She argues that public policy counsels against awarding costs to a prevailing defendant in civil rights cases because such an award would chill future plaintiffs from bringing similar actions. We have upheld the "traditional presumption" of awarding costs to prevailing defendants in civil rights case. Mitchell v. City of Moore,

Nos. 98-6446, 99-6101, 99-6121, 99-6177, 2000 WL 954930, at *11 (10th Cir.

July 11, 2000). Further, relying on the

> parties' comparative economic power . . . would almost always favor
> an individual plaintiff . . . over [the] employer defendant . . . . [T]he
> plain language of Rule 54(d) does not contemplate a court basing
> awards on a comparison of the parties' financial strengths. To do so
> would not only undermine the presumption that Rule 54(d)(1) creates
> in prevailing parties' favor, but it would also undermine the
> foundation of the legal system that justice is administered to all
> equally, regardless of wealth or status.

Cherry v. Champion Int'l Corp., 186 F.3d 442, 448 (4th Cir. 1999).

Ms. Johnson cites no law holding that one district court is bound by the

decision of a sister district court. Further, such a holding would imply that this

court is bound by a district court's decision. Ms. Johnson herself has disavowed

this position. See Appellant's Br. at 13 n.2. We further note that the district

court in Martin did not hold that costs could not be awarded when the defendant

"has significantly larger financial resources than an individual plaintiff," but

merely decided to exercise its discretion and not award costs "in view of all other

circumstances." 510 F. Supp. at 1069. The court set forth no rule of law.

The judgments of the United States District Court for the Western District of Oklahoma are AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge